UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN DOE subscriber assigned IP address ) <br> 67.176.196.59, ) <br> ) <br> Defendant. ) <br> ) | Civil Case No.: 1:13-cv-02702 |

**PLAINTIFF'S NOTICE OF FILING SUPPLEMENTAL AUTHORITY**

PLEASE TAKE NOTICE, Plaintiff is attaching hereto a copy of the Recommendation of United States Magistrate Judge entered in *Malibu Media, LLC v. James Booth*, 13-cv-02362 (D. Colo. May 9, 2014), in which the Honorable Judge Hegarty struck the Defendant's First (unclean hands), Second (copyright misuse), Fourth (implied license), Tenth (knowledge, consent and acquiescence) and Thirteenth (laches) Affirmative Defenses and dismissed the Defendant's counterclaim. The Answer and Counterclaim asserted by the Defendant in that case were substantially identical to the Answer and Counterclaim asserted by Defendant here. Significantly, Judge Hegarty held:

1. "Defendant's arguments are unavailing. Even if Defendant's suppositions are true that Plaintiff is, and has been, violating Section 2257, Defendant has not alleged how any such violations relate to Plaintiff's claim of direct copyright infringement." (*See* p. 8)

2. "Here, Defendant has not, and cannot, allege that Plaintiff has acted inequitably toward him in relation to the copyrights at issue by violating Section 2257; not only has Defendant denied that he downloaded and uploaded the protected works, Defendant has pointed to nothing in the Copyright Act prohibiting copyright protection to companies that have allegedly violated federal laws unrelated to the copyright . . . In sum, the Defendant has failed to rebut Plaintiff's demonstration that the defense cannot succeed under the circumstances." (*See* p. 9) (Emphasis added.)

1

3. "Likewise, the Plaintiff has demonstrated that Defendant's copyright misuse defense cannot succeed in this litigation . . . <u>Violations of Section 2257 have nothing to do with the 'use' of a copyright</u> and, while Defendant has raised public policy issues regarding violations of the criminal statute, Defendant <u>fails to show how such policies underlie the copyright laws</u>." (*See* p. 10) (Emphasis added.)

4. "Defendant's request for declaratory relief, as stated, does not constitute an independent case or controversy because it <u>does not allege an injury, other than an assertion that the relief is necessary to support a defense to the present action.</u> Defendant's speculation that a declaration here may 'foreclose the possibility of future suits by Malibu' is not concrete and Defendant does not articulate how or whether he has standing to seek relief on behalf of defendants in other cases." (*See* pp. 21-2) (Emphasis added.)

DATED: May 12, 2014.

Respectfully submitted,

NICOLETTI LAW, PLC

By: /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
33717 Woodward Ave., #433
Birmingham, MI 48009
Tel: (248) 203-7800
Fax: (248) 203-7801
E-Fax: (248) 928-7051
Email: paul@nicoletti-associates.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Paul J. Nicoletti*